

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00438-CV

_____

## IN THE INTEREST OF C.E.P., A CHILD

On Appeal from the County Court at Law Number 1
Randall County, Texas
Trial Court No. 75,686-L1; Honorable Jack M. Graham, Presiding

February 20, 2020

## MEMORANDUM OPINION

### Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, C.P.,[1] appearing *pro se,* appeals from the trial court's *Order in Aid of Investigation of Child Abuse or Neglect.* Because C.P. filed her notice of appeal untimely, we dismiss the appeal for want of jurisdiction.

The trial court signed the *Order in Aid of Investigation of Child Abuse or Neglect* on March 7, 2019. Because C.P. did not file any post-judgment motions or requests that extended the notice of appeal deadline, her notice of appeal was due thirty days after the

---

[1] To protect the privacy of the parties involved, we refer to them by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2019).

order was signed, i.e., by April 8, 2019. *See* TEX. R. APP. P. 26.1(a) (A notice of appeal is due within thirty days after a judgment is signed or within ninety days if a motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusions of law is timely filed), 4.1(a). C.P. did not file a notice of appeal until December 20, 2019.

A timely notice of appeal is essential to invoking this court's jurisdiction. *See* TEX. R. APP. P. 25.1(b), 26.1; *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997). Notwithstanding that the Texas Supreme Court has directed us to construe the Rules of Appellate Procedure reasonably and liberally so that the right of appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of those rules, we are prohibited from enlarging the time for perfecting an appeal in a civil case. *See Verburgt*, 959 S.W.2d at 616-17. *See also* TEX. R. APP. P. 2 (providing that we may not suspend a rule's operation or order a different procedure to alter the time for perfecting an appeal). Thus, this court has no discretion to permit an untimely filed notice of appeal to confer jurisdiction over an appeal.

By letter of January 31, 2020, we notified C.P. that her notice of appeal appeared untimely and directed her to file a response showing grounds for continuing the appeal or the appeal would be dismissed for want of jurisdiction. C.P. filed a response but failed to demonstrate grounds for continuing the appeal.

Accordingly, we dismiss the purported appeal for want of jurisdiction. TEX. R. APP. P. 42.3(a).

Per Curiam